IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **KIMBERLY WHITAKER,** : | |
| : | |
| **Plaintiff,** : | |
| : | CIVIL ACTION FILE NO. |
| v. : | 1:04-CV-2824-GET |
| : | |
| **PERIMETER FORD, INC.,** *et al.*, : | |
| : | [Magistrate Judge Baverman] |
| **Defendants.** : | |

## O R D E R

Before the Court is the motion of defendant Perimeter Ford, Inc. (Perimeter) for reconsideration [Doc. 24] of this Court's July 26, 2005, Order [Doc. 23] denying Perimeter's motion to compel arbitration. [Doc. 8]. For the following reasons, the motion is **DENIED**.

In its initial motion, Perimeter cited to and attached a June 26, 2004, agreement between Plaintiff and Perimeter styled "Sales Managers Buyer's Order." [Doc. 8, Exh. A]. This document contained an arbitration clause. In her response [Doc. 11], Plaintiff countered, *inter alia*, that the agreement at issue in this case, and upon which she brought suit, was a document entitled "Georgia Retail Installment Contract and Security Agreement" between the parties, dated June 30, 2004. *See* Amended Complaint [Doc.

AO 72A
(Rev.8/82)

4], at Exhibit 1.  The copy of this document, which is attached both to the initial and amended complaints, does not contain an arbitration clause.

In its motion for reconsideration, Perimeter does not assert the basis for which the Court stated in its July 26, 2005, Order would justify granting a motion for reconsideration, namely demonstrating that the installment sales contract upon which Plaintiff relied was incomplete.  [*See* Doc. 23 at 3].  Instead, Perimeter merely reiterates that the Sales Managers Buyer's Order controls.  "Generally, a motion for reconsideration should not be used to reiterate arguments that have been made previously, but such a motion should be reserved for extraordinary circumstances, such as the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent a manifest injustice."  *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001).  None of these circumstances is present here.  Perimeter's reconsideration motion relies on arguments and assertions of fact that either were or could have been presented previously.

In any event, the Court does not agree that a contract, which provides for arbitration of "any controversy or claim  arising out of or relating to this contract or the breach thereof" [Doc. 8 at 5], can compel arbitration of a dispute over a contract that was not in existence at the time the contract containing the arbitration clause was signed.

2

The two contracts are different as to price, and the Buyer's Order does not discuss financing the transaction.  Also, the Buyer's Order does not comply with the terms of Georgia law for a valid installment sales contract, *see* O.C.G.A. § 10-1-32.  *Cf. Rugumbwa v. Betten Motor Sales*, 136 F. Supp. 2d 729, 733 (W.D. Mich. 2001) (sales orders containing arbitration clauses did not require Plaintiff to arbitrate statutory claims arising out of installment sales contract).

Accordingly, Perimeter's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**, this the 24th day of February, 2006.

*S/ Alan J. Baverman*
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A (Rev.8/82)